UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSI USA LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | Case No. 17-cv-03536-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 42 |

Pending before the Court is a motion to dismiss by Defendant Uber Technologies, Inc ("Uber"). Dkt. No. 7. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.[1]

## I. BACKGROUND

Plaintiff TSI USA, LLC ("TSI") brings this suit in diversity against Uber, alleging causes of action sounding in contract and tort. For purposes of this motion to dismiss, the Court accepts the following factual allegations as true.

### A. Factual Allegations[2]

TSI is a business travel management company and Uber "connects rider to automobile drivers" globally. FAC ¶¶ 8–9. On November 24, 2014, TSI contracted with Uber to provide travel services for Uber's management employees in 46 countries. *Id.* ¶ 10. The contract

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).
[2] In TSI's opposition to Uber's motion, it set forth 64 additional pages of facts and supporting exhibits that it did not include in the complaint. See Dkt. No. 53-2 at 1 n.1; *see also id.* at 2–10. As a general rule, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," unless the authenticity of such material is not contested or the complaint "necessarily relies on it." *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015) (citation omitted). TSI has given no explanation as to why this Court should consider these additional facts that it did not plead in its FAC. Accordingly, the Court will not consider the additional facts set forth by TSI in its opposition.

consisted of two parts: a Services Agreement and a Statement of Work ("SOW") (collectively, the "Agreements"). *Id.* ¶ 10; *see id.* Ex. A & B.

After signing the Agreements, "TSI deployed 20 employees in the U.S. and 20 more internationally, and worked virtually around the clock" for 40 days in order to meet Uber's planned global launch date of January 2, 2015. *Id.* ¶¶ 11–12. Uber told TSI it planned to spend over $30 million each year on travel services booked through TSI. *Id.* ¶ 13.

At Uber's request, TSI delivered services outside the scope of the Agreements, including a "single sign-on" portal, mobile app and desktop portal, dedicated phone numbers and email addresses, and a customized itinerary invoice system, and "facilitate[d] a company trip to Las Vegas." *Id.* ¶¶ 17–22. Uber did not compensate TSI for this additional work. *Id.* ¶¶ 17–22.

Uber delayed the planned January 2 full launch due to "internal issues," but asked TSI to initiate a pilot launch instead. *Id.* ¶ 24–25. Uber repeatedly assured TSI that the full launch would still occur and that Uber would spend a minimum of $30 million in annual travel expenses. *Id.* ¶¶ 25–26. In February 2015, TSI agreed to "delay billing Uber for its monthly service fees and expenses" after being told it "would make up any losses with the profits on its business following the Uber launch." *Id.* ¶¶ 26–27. In addition, "TSI advanced out-of-pocket costs on behalf of Uber and its traveling management personnel" between June and September of 2015. *Id.* ¶ 30.

Uber managers were "complimentary of the job TSI was doing" in February 2015, *id.* ¶ 31, and told TSI that the "full launch was forthcoming" in July 2015, *id.* ¶ 39. However, TSI later obtained a June 5, 2015 email from an Uber travel procurement manager "stating that she would keep [Uber employees] informed regarding the termination of TSI and her engagement of a new travel services company." *Id.* ¶ 37.

On September 8, 2015, TSI received a termination notice and a check in the amount of $201,226.30 from Uber, dated August 28. *Id.* ¶ 42. The termination notice stated:

> Enclosed please find a check payable to TSI USA, LLC in the amount of $201,226.30. By executing below, you acknowledge and agree that such payment constitutes full and final payment of all outstanding payment obligations under the Agreement, and that no further amounts are or shall become due.
>
> You hereby release and discharge us and our affiliates . . . from all

> actions, causes of action, claims, damages, suits, and demands of any kind whatsoever, in law or equity . . . relating to or arising out of the Agreement.

Dkt. No. 43, Ex. A.[3] TSI considered the check to constitute repayment of the advanced out-of-pocket airline ticket costs and $200,000 in service fees. FAC ¶ 43. TSI replied by letter on September 11, informing Uber that "further sums were due and owing from [Defendant] to [Plaintiff] under the Agreements." *Id.* ¶ 43. In response to Uber's request, TSI provided additional invoices and breakdowns of its services and costs. *Id.* ¶ 44. TSI alleges that Uber has a balance of more than $1.4 million outstanding. *See id.* ¶ 48.

After terminating TSI, Uber hired Egencia to manage its business travel. *Id.* ¶ 50. At Uber's direction, Egencia hired a former TSI travel agent to work on the Uber account, despite her TSI "Confidentiality, Non-Solicitation and Employee Agreement." *Id.* ¶ 51–57.

In September 2015, TSI learned that an Uber employee had made "disparaging and defamatory statements" about TSI, including that "TSI was ineffective and incompetent as a travel service provider." *Id.* ¶ 58.

### B. Procedural Posture

TSI filed a complaint on July 27, 2016, Dkt. No. 1, and an amended complaint on September 16, 2016, Dkt. No. 7 ("First Amended Complaint" or "FAC"), both in the Northern

---

[3] As part of its motion to dismiss, Uber requests judicial notice of the termination notice. Dkt. No. 43. What Uber actually seeks is incorporation by reference, a "judicially created doctrine that treats certain documents as though they are part of the complaint itself" as a method of "prevent[ing] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). On a motion to dismiss, the court may "consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). However, the "mere mention of the existence of a document is insufficient," *id.*, and the document does not necessarily form the basis of the complaint if it "merely creates a defense to the well-pled allegations," *Khoja*, 899 F.3d at 1002. Here, TSI's complaint refers extensively to the termination notice, FAC ¶¶ 42–49, and uses it to calculate an offset to damages, *id.* ¶ 64, but does not attach the document itself. Because TSI relies upon the termination notice to establish its breach of contract claim, its authenticity is not in question, and the parties agree it is relevant, this Court finds the termination notice properly before it.

District of Texas.  The case was transferred to the Northern District of California on June 19, 2017.  Dkt. No. 31.

On August 31, 2017, Uber filed this motion to dismiss, Dkt. No. 42 ("MTD"), and an accompanying request for judicial notice, Dkt. No. 43.  TSI filed an opposition to the motion to dismiss, Dkt. No. 49, and, with leave of court, an amended opposition, Dkt. No. 53-2 ("Opp.").  Uber replied.  Dkt. No. 56 ("Reply").

On October 31, 2017, the Court granted the parties' joint stipulation that California substantive law applied to the suit.  Dkt. No. 61.  TSI then filed a supplemental argument relating to its fraud claim, Dkt. No. 63, and Uber replied.  Dkt. No. 64.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim."  *Weisbuch v. Cnty. of*

*Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

### B. Federal Rule of Civil Procedure 9(b) Requirements for Pleading Fraud

Federal Rule of Civil Procedure 9(b) heightens these pleading requirements for all claims that "sound in fraud" or are "grounded in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation omitted); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "[The Ninth Circuit] has interpreted Rule 9(b) to require that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quotation marks and citation omitted).

In short, a fraud claim must state "the who, what, when, where, and how" of the alleged conduct, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Ronconi v. Larkin,* 252 F.3d 423, 429 & n.6 (9th Cir. 2001). "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

## III. DISCUSSION

TSI alleges five causes of action in its complaint. FAC ¶¶ 60–84. First, TSI alleges that Uber breached its contract. FAC ¶¶ 60–64. Second, TSI alleges that Uber has been unjustly enriched and that TSI is entitled to recovery under the doctrine of quantum meruit. FAC ¶¶ 65–68. Third, TSI claims that Uber fraudulently induced it to "enter into and perform pursuant to the Agreements" and to provide services outside the scope of the Agreements. FAC ¶¶ 69–73. Fourth, TSI alleges that Uber tortiously interfered with an employment contract between TSI and its former employee. FAC ¶¶ 74–81. Fifth, TSI claims that Uber defamed it or committed

business disparagement. FAC ¶¶ 82–84.

Uber seeks dismissal of each of the five causes of action. MTD 1. In addition, Uber seeks to dismiss TSI's prayer for attorneys' fees and exemplary damages. MTD 1. The Court considers each argument in turn.

### A. TSI States a Claim for Breach of Contract

Uber suggests that TSI's breach of contract claim fails "as a matter of law" because TSI's cashing of the check constituted an accord and satisfaction under California law, thus acting as a "full discharge of any claimed contractual debt." MTD 5.

Under California Commercial Code Section 3311, the acceptance of a check can function as satisfaction or discharge of a claim if (1) the check is tendered in good faith as full satisfaction of the claim; (2) the amount of the claim is unliquidated or subject to a bona fide dispute; and (3) the claimant obtained payment. Cal. Com. Code § 3311(a); *see Woolridge v. J.F.L. Electric, Inc.*, 96 Cal. App. 4th Supp. 52, 59 (2002) (Section 3311 applies to checks). In addition, the person against whom the claim is asserted must prove that the check or an accompanying written communication contains a "conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." Cal. Com. Code § 3311(b). Whether an accord and satisfaction has been reached is a question of fact, *Woolridge*, 96 Cal. App. 4th Supp. at 57, because it requires determining whether there was a "meeting of minds as to the subject matter of the new agreement and an intention to reach a genuine compromise," *Cnty. of Santa Clara v. Astra USA, Inc.*, Co. C 05–03740 WHA, 2010 WL 2724512, at *5 (N.D. Cal. July 8, 2010).

At least two of the elements of Uber's affirmative defense cannot be established on this motion to dismiss: good faith as full satisfaction of the claim and the conspicuous statement requirement. Good faith means "not only honesty in fact, but the observance of reasonable commercial standards of fair dealing," with the meaning of fair dealing "depend[ing] upon the facts in the particular case." Cal. Com. Code § 3311 (2010), cmt. 4 (citing Cal. Com. Code § 3103(a)(4)). A statement is conspicuous if "it is so written that a reasonable person against whom it is to operate ought to have noticed it" and is "sufficiently explicit and unequivocal in its terms as to impose the condition that it could be accepted only as payment in full and not otherwise."

6

*Jones v. Baltimore Life Ins. Co.*, No. CIV S.-06-1505 LKK/KJM, 2007 WL 1713250, *11 (E.D. Cal. June 12, 2007) (quoting Cal. Com. Code § 3311, Official Comment 4). Construing the facts in the complaint in the light most favorable to TSI, Uber cannot establish as a matter of law that it observed reasonable commercial standards of fair dealing by tendering a check for $201,226.30 "as full satisfaction" when TSI alleges that Uber owed it seven times that amount. *See id.* ¶ 43, 64. Nor can Uber establish that there was a sufficiently explicit and unequivocal conspicuous statement. The termination notice states "[b]y executing below you acknowledge and agree that such payment constitutes full and final payment" and contains a signature line for the "Chief Executive Officer" of "TSI USA, LLC." Dkt. No. 43, Ex. A. While Uber asserts that depositing the check was adequate to constitute an accord and satisfaction, MTD 6, TSI read the termination notice to require the signature of its Chief Executive Officer and acted in accordance with that belief when it continued to provide invoices to Uber. Such a notice cannot be deemed explicit and unequivocal as a matter of law so as to preclude TSI from asserting its breach of contract claim.

For these reasons, the Court **DENIES** Uber's motion to dismiss the breach of contract claim.

### B. TSI States a Claim for Unjust Enrichment

Uber argues that TSI's claim for unjust enrichment or quantum meruit must be dismissed because "California law is settled that there can be no claim for quantum meruit or quasi-contract where an express agreement covers the same subject matter." MTD 7.

"Under California law, unjust enrichment can be the basis of a right to restitution or quasi-contractual recovery." *Shum v. Intel Corp.*, No. C-02 -03262-DLJ, 2008 WL 4414722, at *6 (N.D. Cal. Sept. 26, 2008). Similarly, quantum meruit is an "equitable remedy implied by the law under which a plaintiff who has rendered services benefitting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Entm't Grp. Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992). But such a quasi-contractual claim will not lie where there exists between the parties "a valid express contract governing the same subject matter." *Shvarts v. Budget Grp., Inc.*, 81 Cal. App. 4th 1153, 1159 (2000).

Here, TSI and Uber dispute the scope of the Agreements. FAC ¶ 17–18; Reply at 10. TSI pleads that it delivered services outside the scope of the express contract, including developing a "single sign-on" portal, mobile app, and desktop portal; creating dedicated phone numbers and email addresses; building a customized itinerary invoice system; and "facilitat[ing] a company trip to Las Vegas." *Id.* ¶¶ 17–22. Uber responds that each of the identified services was "within the subject matter of the written" contract. Reply 10.

The Court finds that it is premature to determine whether the Agreements cover the same subject matter as TSI's unjust enrichment claim at this stage of the proceedings. *See Ellis v. J.P. Morgan Chase & Co.*, 950 F. Supp. 2d 1062, 1091 (N.D. Cal. 2013). TSI has pled that the identified services were outside its understanding of the terms of the Agreements. This question cannot be resolved without further factual development as to the understanding of the parties regarding the contract and the services delivered by TSI.

For these reasons, the Court **DENIES** Uber's motion to dismiss the quantum meruit or unjust enrichment claim.

### C. TSI Fails to State a Claim for Fraud

Uber moves to dismiss TSI's fraud claim as "merely a contract claim disguised as a tort" and as barred by the economic loss doctrine.

Under California law, fraud is actionable where there is: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). However, the economic loss rule requires recovering "in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). Tort damages may be allowable "where the contract was fraudulently induced," because "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Erlich v. Menezes*, 21 Cal. 4th 543, 552 (1999).

TSI's fraudulent inducement claim rests on its allegations that "Uber made knowingly

false representations, prior to and after entry into the Agreements, that there would be a full launch of TSI's services, yielding $30 million in travel services per year." Supplemental Argument, Dkt. No. 63 at 2. But those representations are contained in the contract, not independent of it. *See* FAC Exh. B 4, 17. Moreover, TSI's key factual allegation of Uber's intent to defraud—rather than just a broken contractual promise—is an internal email sent six months into the contract with TSI in which an Uber manager said she "would keep [employees] informed regarding the termination of TSI." *See* FAC ¶ 37. This paraphrased email is insufficient to support TSI's fraudulent inducement claim because it does nothing to show that Uber made false or misleading statements at the time the parties were entering into the contract. TSI's cursory allegations of fraud seem only to identify the harm of a broken promise.

For these reasons, the Court **GRANTS** Uber's motion to dismiss the fraud claim.

### D. TSI's Tortious Interference Claim Fails as a Matter of Law

In order to state a claim for tortious interference with a contract, a plaintiff must plead "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

TSI has failed to plead the first essential element of tortious interference with a contract—the existence of a valid contract. Its cause of action is based on a non-compete agreement between it and a former employee. However, noncompete clauses are void under California law. Cal. Bus. & Prof. Code § 16600; *see Edwards v. Arthur Anderson LLP*, 44 Cal. 4th 937, 948 (2008) (finding invalid non-competition agreement purporting to prohibit employee from performing services for firm's clients for 18 months after leaving firm).

Because the underlying contract was invalid under California law, and allowing TSI to amend its claim would be futile, the Court **GRANTS** Uber's motion to dismiss the tortious interference claim, without leave to amend.

### E. TSI Fails to State a Claim for Business Disparagement or Defamation

Though "[c]onfusion surrounds the tort of commercial disparagement," the essential

elements are a "knowingly false or misleading publication that derogates another's property or business and results in special damages." *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 291 (2014). Only a false statement of fact will give rise to a defamation or disparagement claim. *Campanelli v. Regents of Univ. of California*, 44 Cal. App. 4th 572, 578 (1996). Though a plaintiff need not allege the exact words or circumstances, "the substance of the defamatory statement must be alleged." *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1314 (N.D. Cal 1997).

TSI has failed to plead enough specifics of the allegedly defamatory statements for this Court to determine whether they are actionable under California law. Rather than allege the content of the statements and demonstrate why they are false, TSI has simply alleged that an Uber employee called TSI "ineffective and incompetent as a travel service provider . . . without regard for the truth." FAC ¶ 58–59. Such conclusory allegations, without any substance or context, do not provide the Court with enough information to determine whether the alleged statements were actionable statements of fact or unactionable statements of opinion. *See First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 938 (N.D. Cal. 2008) (dismissing with leave to amend because although "assertion of incompetence may be actionable," plaintiff's failure to "provide the specific details . . . deprived the Court of the details and context necessary to rule" on it); *see also Silicon Knights*, 983 F. Supp. at 1314 (dismissing with leave to amend because "complaint contains only general allegations of the defamatory statements and does not identify the substance of what was stated").

For these reasons, the Court **GRANTS** Uber's motion to dismiss the business disparagement claim.

### F. TSI Fails to State a Claim for the Award of Attorneys' Fees or Exemplary Damages

Claims for damages that are precluded as a matter of law may be dismissed under Federal Rule of Civil Procedure 12(b)(6). *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

Ordinarily, "each party is to bear his own attorney fees unless a statute or the agreement of

10

the parties provides otherwise." *Gray v. Don Miller & Assocs., Inc.*, 35 Cal. 3d 498, 504 (1984). TSI does not allege any applicable statute or agreement that would allow for an award of attorneys' fees. Thus, its prayer for attorneys' fees fails as a matter of law.

"[P]arties may contract for the release of liability for future ordinary negligence so long as such contracts do not violate public policy." *Anderson v. Fitness Int'l, LLC*, 4 Cal. App. 5th 867, 877 (2016). However, "all contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against policy of the law." Cal. Civ. Code § 1668. This statute ordinarily precludes exculpatory clauses "that purport to exempt an individual or entity from liability for future intentional wrongs . . . and gross negligence." *Frittelli, Inc. v. 350 N. Canon Drive, LP*, 202 Cal. App. 4th 35, 43 (2011).

The Services Agreement contains a "LIMITS OF LIABILITY" section, which reads, in relevant part:

> IN NO EVENT SHALL UBER BE LIABLE FOR ANY CLAIM FOR ANY INDIRECT, WILLFUL, PUNITIVE, INCIDENTAL, EXEMPLARY, SPECIAL OR CONSEQUENTIAL DAMAGES, FOR LOSS OF BUSINESS PROFITS, OR DAMAGES FOR LOSS OF BUSINESS OF CONSULTANT OR ANY THIRD PARTY ARISING OUT OF THIS AGREEMENT, OR LOSS OR INACCURACY OF DATA OF ANY KIND, WHETHER BASED ON CONTRACT, TORT OR ANY OTHER LEGAL THEORY, EVEN IF UBER HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

FAC Exh. A § 9.2. This clause eliminates Uber's liability for exemplary damages, except where such a limitation would be void in California as against public policy. Because the Court has dismissed all of TSI's non-contract claims, the remaining claims (for breach of contract and unjust enrichment) undoubtedly arise out of the agreement and are thus governed by the liability limitation clause.

For these reasons, the Court **GRANTS** Uber's motion to dismiss the prayers for relief for attorneys' fees and exemplary damages.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Uber's motion as follows:

1. TSI's claim for fraud is **DISMISSED WITH LEAVE TO AMEND.**

2. TSI's claim for tortious interference is **DISMISSED WITHOUT LEAVE TO AMEND.**

3. TSI's claim for defamation and business disparagement is **DISMISSED WITH LEAVE TO AMEND.**

4. TSI's prayers for relief for attorneys' fees and exemplary damages are **DISMISSED WITH LEAVE TO AMEND.**

5. The remainder of Uber's motion is **DENIED.**

Should TSI choose to amend the Complaint, it is directed to do so in accordance with the discussion above no later than 28 days from the date of this Order.

The parties are **ORDERED** to comply with ADR Local Rule 3-5 and to file the required materials no later than 14 days from the date of this Order. The Court urges the parties to meet and confer in good faith to discuss whether ADR may provide a more efficient mechanism for resolving this dispute than continued litigation.

**IT IS SO ORDERED.**

Dated: 9/25/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge