1
2
3
4              UNITED STATES DISTRICT COURT
5             NORTHERN DISTRICT OF CALIFORNIA
6
7   TSI USA LLC,                        Case No. 17-cv-03536-HSG
8              Plaintiff,              **ORDER GRANTING MOTION TO**
                                       **DISMISS**
9         v.
                                       Re: Dkt. No. 90
10  UBER TECHNOLOGIES, INC.,
11             Defendant.
12
13         Pending before the Court is Defendant Uber Technologies, Inc.'s motion to dismiss.  *See*
14  Dkt. No. 90.  The Court finds this matter appropriate for disposition without oral argument and the
15  matter is deemed submitted.  *See* Civil L.R. 7-1(b).  On September 25, 2018, the Court granted in
16  part and denied in part Defendant's motion to dismiss.  *See* Dkt. No. 68.  Plaintiff TSI USA LLC
17  subsequently filed its amended complaint, *see* Dkt. No. 89 ("SAC"), which Defendant contends
18  does not remedy the deficiencies that the Court previously identified, *see* Dkt. No. 90.  Because
19  Plaintiff neither opposed the motion to dismiss nor amended its complaint as directed, the Court
20  **GRANTS** Defendant's motion to dismiss.
21         As an initial matter, Plaintiff failed to oppose or otherwise respond to Defendant's motion
22  to dismiss by the May 30, 2019, deadline.  The Court, therefore, issued an order to show cause
23  why Defendant's pending motion to dismiss should not be granted.  *See* Dkt. No. 94.  In response,
24  Plaintiff acknowledged that it was not opposing the motion.  *See* Dkt. No. 95.  On top of this
25  concession, the Court agrees with Defendant that Plaintiff's fraud and defamation claims, as well
26  as its prayer for attorneys' fees and exemplary damages, are still insufficiently pled.  *First*,
27  Plaintiff has not alleged any additional facts to support its fraudulent inducement claim.  Instead,
28  Plaintiff cites the same correspondence, sent *after* the parties entered into the contract, which does

not establish that Defendant made any false or misleading statements at the time the parties were entering into the contract. *See* SAC ¶¶ 10, 13, 25, 62–71. *Second*, Plaintiff has still not alleged with any degree of specificity the substance or context of the allegedly defamatory statements in support of its commercial disparagement claim. *See id.* ¶¶ 50–51, 74–75. The Court remains unable to determine whether the alleged statements are actionable statements of fact or inactionable statements of opinion. *Lastly*, Plaintiff has not identified any applicable statute or agreement that would allow for an award of attorneys' fees or exemplary damages.

Accordingly, the Court **GRANTS** the motion to dismiss without leave to amend. The Court further **SETS** a case management conference for October 8, 2019, at 2:00 p.m. Plaintiff is **DIRECTED** to have retained local counsel by then. *See* Civil L.R. 11-3(a)(3). The parties should be prepared to discuss the next steps in this case, including an anticipated schedule.

**IT IS SO ORDERED.**

Dated: September 17, 2019

HAYWOOD S. GILLIAM, JR.
United States District Judge