MORGAN, LEWIS & BOCKIUS LLP
Brian C. Rocca, Bar No. 221576
Geoffrey T. Holtz, Bar No. 191370
Cristina A. Ashba, Bar No. 294065
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001
brian.rocca@morganlewis.com
geoffrey.holtz@morganlewis.com
cristina.ashba@morganlewis.com

Attorneys for Defendant
Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TSI USA, LLC,<br><br>                    Plaintiff,<br><br>         vs.<br><br>UBER TECHNOLOGIES, INC.,<br><br>                    Defendant. | Case No. 4:17-cv-03536-HSG<br><br>**DECLARATION OF BRIAN C. ROCCA IN SUPPORT OF DEFENDANT UBER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES INCURRED IN CONNECTION WITH MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:     February 27, 2020<br>Time:    2:00 p.m.<br>Judge:   Hon. Haywood S. Gilliam, Jr.<br>Dept:    Courtroom 2 - 4th Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 4:17-cv-03536-HSG
DECL. OF BRIAN C. ROCCA ISO DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES INCURRED IN CONNECTION WITH MOTION TO DISMISS SECOND AMENDED COMPLAINT

I, Brian C. Rocca, declare:

1. I am an attorney duly licensed to practice in the State of California. I am a member of good standing of the State Bar of California and am admitted to practice before this Court. I am a partner at the law firm Morgan, Lewis & Bockius LLP, in San Francisco, California, and I serve as the Office Management Partner of that office. I am counsel of record for Defendant in this matter. I make this declaration in support of Defendant's Notice Of Motion And Motion For Attorney's Fees Incurred In Connection With Motion To Dismiss Second Amended Complaint. I have personal knowledge of the facts set forth in this declaration and, if called and sworn as a witness, I could competently testify to them.

**Meet and Confer Efforts**

2. On September 17, 2019, the Court issued an Order directing Defendant to file its proposed application for attorneys' fees, noting that Defendant need not seek leave of Court before filing its application, provided it is consistent with the Local Rules. ECF 99.

3. In accordance with Local Rules, I commenced a meet and confer related to Defendant's fees application on September 23, 2019. Attached here as **Exhibit A** is a true and correct copy of the letter I sent to opposing counsel, Steve Shebar, dated September 23, 2019. In the letter, I stated that Defendant had incurred $60,000 in legal fees in connection with its motion to dismiss the Second Amended Complaint. On behalf of Defendant, I requested that Plaintiff cover the full amount of those fees, but invited plaintiff "to make a good faith proposal to resolve this issue short of further motion practice."

4. On September 27, 2019, my partner, Geoff Holtz, and I participated in a telephone call with Mr. Shebar. During that call, Mr. Shebar stated that his client would not consider any payment of fees unless it was included in a global settlement. In addition, Mr. Shebar questioned the amount of the fees, noting that his individual hourly rate was $350 per hour, and requested copies of attorney-client communications reflecting my team's time records. I advised Mr. Shebar that Local Rules do not require the disclosure of privileged time records unless the Court so orders. *E.g.*, Civil Local Rule 54-5(b)(2) ("Depending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including in

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 4:17-cv-03536-HSG
DECL. OF BRIAN C. ROCCA ISO DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES INCURRED IN CONNECTION WITH MOTION TO DISMISS SECOND AMENDED COMPLAINT

camera inspection, as the Judge deems appropriate").

5. On October 3, 2019, Mr. Shebar sent a letter responding to our request for attorney's fees. Attached as **Exhibit B** is a true and correct copy of the letter from Mr. Shebar dated October 3, 2019. In the letter, Mr. Shebar stated that his client would not make a counterproposal, but stated that he was "still open to engaging in further discussions."

6. On October 3, 2019, I responded to Mr. Shebar's letter dated that same day, and provided additional information in the hopes of eliciting a compromise proposal from Plaintiff. Attached here as **Exhibit C** is a true and correct copy of the letter I sent to Mr. Shebar on October 3, 2019. I provided an approximate number of hours per timekeeper and also advised Mr. Shebar that the median billable rate for partners practicing in the San Francisco commercial litigation market was approximately $820 per hour. I concluded the letter with another invitation for Plaintiff to "propose a compromise" and requested a response by 5:00 p.m. the following day. Plaintiff and its counsel declined to respond to that invitation and, as of the date of this filing, have not suggested any willingness to negotiate an amicable resolution of this targeted issue.

**Description Of Attorney's Fees Incurred & Qualifications of Counsel**

7. Defendant seeks recovery of $60,000 in reasonable attorneys' fees, which reflects legal fees actually billed to Defendant by its counsel at Morgan, Lewis & Bockius.

8. During the course of this matter, I was the partner responsible for overseeing all work and approving all Morgan Lewis invoices. Our team includes the following three primary timekeepers:

    a. I, **Brian Rocca**, am the Managing Partner of Morgan Lewis's San Francisco office. I graduated from the University of Virginia School of Law in 2002 and I have litigated complex litigation matters during my 17-year career, including breach of contract matters. I am *Chambers*-rated and I was recognized for nine consecutive years as a "Rising Star" by *Super Lawyers*, and in 2017 was named one of the "Top 40 Under 40" lawyers in California by the *Daily Journal*. My standard hourly rate is $895.

    b. **Geoffrey Holtz**, partner in Morgan Lewis's San Francisco office, has been practicing in complex commercial litigation matters for 22 years. Mr. Holtz graduated *Magna Cum Laude* from Hastings College of the Law in 1997. Prior to law school, Mr. Holtz worked as a programmer and, as a result, he has developed a concentration in commercial disputes involving software implementation issues, which is a skillset relevant to this action. Mr. Holtz's standard hourly rate is $950.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

2     Case No. 4:17-cv-03536-HSG
DECL. OF BRIAN C. ROCCA ISO DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES INCURRED IN CONNECTION WITH MOTION TO DISMISS SECOND AMENDED COMPLAINT

c. **Cristina Ashba**, associate in Morgan Lewis's San Francisco office, works regularly in commercial litigation matters. Ms. Ashba graduated *Magna Cum Laude* from Hastings College of the Law in 2013, and she served as an Executive Editor of the *Hastings Law Journal*. Her standard hourly rate is $660.

9. Defendant established with my firm in advance, and has paid my firm, a flat fee of $60,000 for all work performed in connection with our motion to dismiss the Second Amended Complaint. This work included: analyzing the Second Amended Complaint (ECF 89) and comparing it to First Amended Complaint (ECF 7) and the Court's motion to dismiss order (ECF 68); researching and drafting the notice of motion and motion to dismiss (ECF 90) and a detailed proposed order (ECF 90-1); drafting a reply in support of the motion to dismiss (ECF 93); communicating regularly with the client; managing deadlines and team tasks, and ensuring compliance with local rules; and responding to Plaintiff's noncompliance with local rules.

10. Invoices for the $60,000 flat fee were issued in three equal installments of $20,000, which were fully invoiced by July 2019. The invoices have been paid in full.

11. I have observed in my day-to-day practice, and also in my role as Office Managing Partner, that some clients prefer alternative fee arrangements—that is, alternatives to the standard billable hour. Some clients believe such arrangements, including flat fees for a particular phase of litigation, can benefit both the client and outside counsel, depending on the circumstances. For example, one benefit of flat fee or phased billing arrangements is the improved predictability in legal spend achieved through up-front negotiations of costs, thus eliminating potential surprises from hourly billing.

12. In my experience, a $60,000 flat fee for all work related to a motion to dismiss is commensurate with, or much lower than, flat fees for similar work in commercial litigation matters. Plaintiff in this action is seeking some $1.4 million in purported costs. Plaintiff's Second Amended Complaint sought to impose tort liability on Defendant, and prayed for punitive damages and attorney's fees. In my experience, and in light of the purported stakes of this matter, a $60,000 flat fee is reasonable.

13. Although we negotiated an advance flat fee arrangement, my colleagues and I have kept daily time records of tasks performed for this case and the amount of time spent performing

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                                        Case No. 4:17-cv-03536-HSG
DECL. OF BRIAN C. ROCCA ISO DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES INCURRED IN CONNECTION WITH MOTION TO DISMISS SECOND AMENDED COMPLAINT

those tasks. Those records are maintained electronically in the normal course of business using commercially-available timekeeping software.

14.  In connection with this declaration, I personally reviewed all of the time charges booked in connection with the motion to dismiss. Based on my review of the time charges, here is a chart of the time spent for each of the three timekeepers assigned to this matter in connection with the motion to dismiss the Second Amended Complaint and related matters. These time entries are limited specifically to the time frame of April 2019 through September 2019, i.e., the time frame relevant to Plaintiff's filing of the Second Amended Complaint.

| Attorney | Title | Hours Logged | Standard Rate | Total |
| --- | --- | --- | --- | --- |
| Brian Rocca | Partner | 43.6 | $895 | $39,022 |
| Geoffrey Holtz | Partner | 10.8 | $950 | $10,260 |
| Cristina Ashba | Associate | 12.9 | $660 | $8,514 |
| | | | Grand Total | **$57,796** |

15.  As reflected in the chart, I handled the bulk of work for these tasks because my partner, Geoff Holtz, was involved in complex post-trial proceedings in another matter in this District. Our associate, Ms. Ashba, provided appropriate support on the drafting of the documents, legal research, and cite-checking, among other tasks.

16.  As Managing Partner of Morgan Lewis's San Francisco office, I am familiar with the rates charged by our lawyers for complex litigation matters. The standard hourly rates listed above (ranging from $660 to $950) are consistent with the rates charged by other lawyers in my office, and within my firm, for lawyers with similar skill and experience in complex litigation matters. In my experience, the rates are also consistent with the prevailing rates in San Francisco for other large law firms practicing in complex litigation matters. I also have observed in my own practice, and within the broader industry, that rates have increased annually in recent years.

17.  I have reviewed a publication that is available for purchase entitled, *2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends and Practices*, published by Wolters Kluwer, an industry-leading resource for lawyer rates. Section IV of the report, entitled "In-Depth Analysis for Select US Cities," reports that the average rate through

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                                          Case No. 4:17-cv-03536-HSG
DECL. OF BRIAN C. ROCCA ISO DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES
INCURRED IN CONNECTION WITH MOTION TO DISMISS SECOND AMENDED COMPLAINT

September 2018 for partners with a commercial practice at large law firms in San Francisco was $894, and the median rate was $820. The mean rate for associates was $536 and the median rate was $448. I have not attached the report hereto as it indicates it is under copyright but can provide a copy of this publication to the Court upon request.

18. In addition, I have logged approximately eight (8) hours of additional time to prepare the motion for attorney's fees and this declaration. My partner, Geoff Holtz, has spent approximately two (3) hours of additional time. At our standard hourly rates, the value of that time is approximately $10,000. That time does not reflect any additional work required in connection with the motion, including, for example, any necessary reply brief or argument.

19. In my experience, based on managing several complex litigation matters and the related budgets and client invoices, and in light of the circumstances of this litigation, the total amount of fees requested here by Defendant—$60,000—is reasonable and consistent with industry standards in the San Francisco Bay Area. Also, the amount requested for the preparation of this motion—$10,000—is also reasonable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 8, 2019, in San Francisco, California.

           /s/ Brian C. Rocca
           Brian C. Rocca

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5   Case No. 4:17-cv-03536-HSG
DECL. OF BRIAN C. ROCCA ISO DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES INCURRED IN CONNECTION WITH MOTION TO DISMISS SECOND AMENDED COMPLAINT

**Exhibit A**

# Morgan Lewis

**Brian C. Rocca**
Partner
+1.415.442.1432
brian.rocca@morganlewis.com

September 23, 2019

**VIA E-MAIL**

Steve Shebar, Esq.
SHEBAR LAW FIRM
steveshebar@shebarlaw.com

Re: Meet & Confer re Application for Attorney's Fees

Dear Mr. Shebar:

On September 17, the Court issued an order directing Uber to submit an application for attorney's fees in connection with its successful motion to dismiss the Second Amended Complaint. ECF 99. As required by the Northern District's Civil Local Rules, I write to meet and confer about our forthcoming application. If we reach an agreement on TSI's payment of Uber's fees in connection with the motion to dismiss, it will minimize the burden on both the parties and the Court, and will help avoid the expenditure of additional legal fees.

As the Court concluded, TSI did not amend its complaint as directed. Rather, it simply refiled the same failed theories, without requesting leave of Court to seek reconsideration of the prior dismissal order. That conduct forced Uber to file another motion to dismiss. TSI then failed to oppose the motion, waiting until the eve of the hearing to state its non-opposition, only *after* Uber had already incurred substantial legal fees, and *after* the Court issued an order to show cause. ECF 94. TSI's conduct multiplied and delayed the proceedings, and the entire exercise was costly. Uber incurred $60,000 in legal fees in connection with the motion to dismiss the Second Amended Complaint. ECF Nos. 90, 93, 96. As such, we request TSI's agreement to cover the full cost of the fees Uber needlessly incurred. We invite TSI to make a good faith proposal to resolve this issue short of further motion practice. If we are unable to reach an agreement, please be advised that we intend to also seek fees and costs incurred to prepare the application, which we estimate will require an additional $15,000.

We respectfully request a response by 5:00 p.m. on September 26. If you do not respond by that date, we will advise the Court that Uber attempted to resolve this dispute in advance of filing its application, but Uber did not receive a response. Thank you.

Sincerely yours,

Brian C. Rocca

cc: Geoffrey Holtz (via email)

Morgan, Lewis & Bockius LLP

One Market
Spear Street Tower
San Francisco, CA  94105-1596          ☏ +1.415.442.1000
United States                          ☏ +1.415.442.1001

**Exhibit B**

# SHEBAR LAW FIRM

**Steven M. Shebar, Attorney-at-Law**
0N370 Fanchon St., Wheaton, IL, 60187
Tel.: 708.434.5669/630.877.6833 (cell)
steveshebar@shebarlaw.com

October 3, 2019

**VIA ELECTRONIC MAIL**

To: Brian C. Rocca
Morgan, Lewis & Bockius LLP
brian.rocca@morganlewis.com

cc: Geoffrey T. Holtz
geoffrey.holtz@morganlewis.com

Re: Uber's Demand for $60,000 in Attorneys' Fees for Motion to Dismiss Counts 3 and 4 of TSI's Second Amended Complaint (the "Motion")

Dear Brian,

This is to memorialize TSI's response to your letter dated September 23, 2019 (styled "Meet & Confer re Application for Attorney's Fees") (the "Demand"), as discussed during our phone conference on September 27, 2019. In order to understand how you arrived at your demand for $60,000 in attorneys' fees, I asked you to provide the billing records supporting this amount. You declined my request. I then asked you to identify the number of attorneys involved in drafting the Motion, their respective hourly rates and the tasks each performed in preparing the Motion. You also declined this request, although Mr. Holtz provided a generic summary of the tasks involved. When I explained that I could not judge the reasonableness of your demand in order to make a recommendation to my client without this information, you indicated that I was on a "fishing expedition" for your fee information and asked me what my billing arrangement with my client was. I responded that I am being paid $350 per hour for my services in this case. Notwithstanding my giving you this information, you continued to decline to provide any of the information I requested.

Uber's argument in support of its demand for attorneys' fees is that TSI's amendments to its fraud and defamation counts is that,

> TSI did not amend its complaint as directed. Rather, it simply refiled the same failed theories, without requesting leave of Court to seek reconsideration of the prior dismissal order.

Demand at 1.

**SHEBAR LAW FIRM**
October 3, 2019 Letter to Brian C. Rocca
Page 2 of 2

As I pointed out in our phone call, Uber had already filed an extensive motion to dismiss these same counts in response to TSI's previous complaint. If Uber's basis for attorneys' fees is that TSI frivolously "simply refiled the same failed theories," how could Uber's counsel have generated $60,000 in new attorneys' fees to argue for their dismissal again? Accordingly, it is difficult to understand your refusal to provide the detailed support we have reasonably requested for Uber's very substantial Demand for fees.

In addition, TSI's conduct in deciding to amend these counts following their dismissal without prejudice was not undertaken in bad faith. It was a logical step after the parties' mediation session did not result in a settlement. TSI's amendments were not frivolous, and reflected counsel's consideration the Court's rationale for accepting certain of Uber's arguments. Similarly, it can hardly be considered bad faith that TSI, after Uber filed its second motion to dismiss, ultimately decided to withdraw the counts at issue rather than cause both parties to expend further resources in litigating them. TSI's withdrawal was a legitimate response to the circumstances in which it finds itself at this juncture of the litigation, to wit: (i) still in the midst of a documented, unusually protracted search for new local counsel, (ii) more than three (3) years on from the date it first filed this case in Texas, but still possessed of no disclosures, initial, voluntary or otherwise, from Uber and (iii) as a result, strategically opting to narrow and expedite the progress of this case, so that TSI can begin in earnest the process of pursuing the compensation it deserves without further delay.

Finally, your request in our conversation that my client make some offer in compromise before you will consider any abatement of your Demand, is unreasonable given the aforementioned circumstances calling into question the need for extensive, non-duplicative legal work in order to complete the Motion. Moreover, TSI does not think it is appropriate to "bid" on a resolution, reflecting some willingness to discount a number based on a likelihood of success, when it has no idea what that actual number is.

We are still open to engaging in further discussions about Uber's Demand, taking the foregoing into account.

Sincerely,

Steve Shebar

cc: Rick Kumpf

**Exhibit C**

# Morgan Lewis

**Brian C. Rocca**
Partner
+1.415.442.1432
brian.rocca@morganlewis.com

October 3, 2019

**VIA E-MAIL**

Steve Shebar, Esq.
SHEBAR LAW FIRM
steveshebar@shebarlaw.com

Re:   Meet & Confer re Application for Attorney's Fees

Dear Mr. Shebar:

Dear Steve:

Thank you for your letter dated October 3, 2019, in which TSI declined to provide a counteroffer to our request for $60,000 in attorney's fees. As explained in my letter dated September 23, 2019, and as discussed during our recent telephone call, Uber incurred $60,000 in connection with its motion to dismiss the Second Amended Complaint. In accordance with local rules, we will provide the Court with a verified statement of the services rendered and actual fees incurred. Please note, however, that local rules do not require a party applying for fees to provide detailed, privileged time records to the opposing party. After reviewing our submission, if the Court requests further information for in camera inspection, we would certainly comply with the Court's direction. But we respectfully decline your request to review communications with our client.

As we explained during our recent call, I (Brian Rocca) performed most of the work associated with analyzing your Second Amended Complaint, preparing the motion to dismiss and reply, and dealing with your various violations of Local Rules, with support from Geoff Holtz and Cristina Ashba. We will provide specific information in our filing, but, in the meantime, and without prejudice to any necessary modifications since our review is ongoing, we can report that I spent approximately 45 hours, Geoff spent approximately 12 hours, and Cristina approximately 15 hours.

Although we appreciate you advising us of your individual hourly rate, it not particularly useful to an assessment of prevailing hourly rates in commercial litigation matters in the Bay Area. Solely for purposes of example, as of 2018 the median billable rate for commercial litigation partners at large law firms in San Francisco was approximately $820/hour. Our standard rates are well within the range of rates applicable in this region, as we will explain in our application.

With respect to the overall reasonableness of our request, we note that your Second Amended Complaint accused our client of fraud and defamation, and sought exemplary damages and attorney's fees. This demand for relief was on top of the purported $1.4 million in "costs" that TSI claims it incurred. In order to protect our client's interests, we needed to prepare a thoughtful response. The entire exercise should have been avoided, but your client chose to file the Second

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA  94105-1596         +1.415.442.1000
United States                                       +1.415.442.1001

October 3, 2019
Page 2

Amended Complaint, and violated multiple local rules along the way, in lieu of just proceeding with the remaining claims.  In this context, and based on our experience of practicing law in the San Francisco Bay Area, incurring $60,000 in fees in connection with a successful motion seeking the dismissal of tort claims and punitive damages, was eminently reasonable.

Our understanding of your comments during our telephonic meet and confer is that TSI would not consider payment of any fees in connection with the motion to dismiss, other than potentially in the context of a complete settlement of the litigation.  We already participated in a mediation and, as you know, that was not a productive exercise.  The only thing that has transpired since the date of the mediation was your filing of the Second Amended Complaint, our necessary response to it, and the dismissal order.  Your letter thus reconfirms TSI's stated position that it is disinclined to negotiate a compromise to avoid motion practice.

Please let us know by 5:00 p.m. pacific tomorrow whether you will propose a compromise.  If not, we must move forward with the application (and incur yet more time and expense).  As previously noted, we will also seek recovery of the expense associated with this additional work.

Sincerely yours,

Brian C. Rocca

cc: Geoffrey Holtz (via email)