UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSI USA LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 17-cv-03536-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION AND GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. Nos. 103, 113 |

Pending before the Court is Defendant Uber Technologies, Inc.'s motion for attorneys' fees and costs. *See* Dkt. No. 103. Because Plaintiff TSI USA LLC failed to oppose the motion by the October 22, 2019, deadline, it also filed a motion for leave to file a belated opposition to the motion for attorneys' fees. *See* Dkt. No. 113. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). As discussed in more detail below, the Court **GRANTS** Plaintiff's motion for leave to oppose the motion for attorneys' fees and considers the opposition submitted. Even considering the opposition, however, the Court **GRANTS IN PART** Defendant's motion for attorneys' fees and costs, and provides Defendant an opportunity to respond to Plaintiff's opposition brief.

**I. BACKGROUND**

**A. Motion for Attorneys' Fees**

On May 16, 2019, Defendant moved to dismiss Plaintiff's fraud and defamation claims, as well as its prayer for attorneys' fees and exemplary damages alleged in the Second Amended Complaint ("SAC"). *See* Dkt. No. 90. Plaintiff failed to oppose the motion. Only after the Court issued an order to show cause did Plaintiff acknowledge that it was not opposing the motion. *See* Dkt. Nos. 94, 95. The Court therefore granted Defendant's motion to dismiss on September 17,

2019. *See* Dkt. No. 100. Defendant then filed the instant motion to recover attorneys' fees and costs associated with its efforts to file the unopposed motion to dismiss. *See* Dkt. No. 103. Yet again, Plaintiff failed to oppose the motion for attorneys' fees by the deadline. *See* Civil L.R. 7-3(a)–(b). Defendant filed a reply brief, *see* Dkt. No. 107, and still Plaintiff did not respond.

### B. Plaintiff's Local Counsel

In parallel, Plaintiff's local counsel Edwin Prather, from Prather Law Offices, sought leave to withdraw as counsel on May 30, 2019. *See* Dkt. No. 91. Since that time, the Court twice directed Plaintiff to retain new local counsel. *First*, in granting the motion to withdraw on May 31, 2019, the Court ordered Plaintiff to "retain new local co-counsel within 30 days to comply with Local Civil Rule 11-3(a)(3), regarding Pro Hac Vice requirements." *See* Dkt. No. 92 at 4. *Second*, in its order granting Defendant's motion to dismiss on September 17, 2019, the Court directed Plaintiff to retain local counsel by the October 8, 2019, case management conference. *See* Dkt. No. 100 at 2. During the case management conference, Mr. Steven Shebar represented to the Court that he anticipated having a signed engagement by local counsel that week. Yet Plaintiff did not file an appearance of local counsel for over a month after that representation. On November 20, 2019, Defendant filed an administrative motion with the Court asking for guidance as to how to proceed given that Plaintiff still lacked local counsel. *See* Dkt. No. 108. Only after Defendant's administrative motion did Plaintiff's local counsel, Mr. Loren Hamilton McRoss, file a notice of appearance later that same day. *See* Dkt. No. 109.

### C. Motion for Leave to File Opposition to Motion for Attorneys' Fees

In light of these filings, the Court set a case management conference for November 26, 2019. *See* Dkt. No. 110. At the hearing, Mr. McRoss appeared for Plaintiff and raised for the first time that Plaintiff intended to seek leave to file a late opposition to Defendant's motion for attorneys' fees and costs. Over a week later, Plaintiff filed the motion for leave to file the opposition. *See* Dkt. No. 113. In the motion, Mr. Shebar stated that he had unanticipated family matters that required his attention beginning on October 10, 2019. *See* Dkt. Nos. 113 at 2, 113-2 at ¶¶ 1–5. He further stated that "he has attempted in good faith, to the best of his ability, to complete work on [the opposition to the motion for attorneys' fees] as quickly as possible." *See*

*id.* Defendant has opposed the motion. *See* Dkt. No. 114.

## II. DISCUSSION

### A. Motion for Leave to File Opposition

Plaintiff seeks leave to file an opposition to Defendant's motion for attorneys' fees almost seven weeks after its original due date. *See* Dkt. No. 113. Under Federal Rule of Civil Procedure 6, a court may, for good cause, extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). To determine whether neglect is excusable, the court may consider various factors, including: (1) "the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, Plaintiff contends that excusable neglect exists because Mr. Shebar was dealing with a family emergency from early October to early December 2019. *See* Dkt. Nos. 113 at 2, 113-2 at ¶¶ 1–5. Consequently, he was unable to meet the October 22, 2019, opposition deadline. The Court finds that Plaintiff has demonstrated excusable neglect under the circumstances. Although Plaintiff delayed seeking an extension of time for its opposition for several weeks, the Court finds that the reason for Plaintiff's delay was unanticipated and significant. Moreover, the opposition at issue here is for a motion for attorneys' fees, unrelated to the merits of the case, that was not noticed for argument until February 2020. To the extent Defendant has raised concerns about possible prejudice from a delay in discovery, the Court has already extended the fact discovery deadline to March 16, 2020. *See* Dkt. No. 112. The parties therefore still have ample time to prepare in advance of the June 4, 2020, dispositive motions hearing deadline and the September 14, 2020, trial. *See* Dkt. No. 105.

The Court accordingly exercises its discretion and **GRANTS** Plaintiff's motion for leave to file its opposition, and deems it filed at Dkt. No. 113-1, Ex. A. The Court considers this opposition in its analysis below.

//

**B. Motion for Attorneys' Fees**

That the Court has found excusable neglect for Plaintiff's late-filed opposition to the motion for attorneys' fees does not end the inquiry. The Court must still evaluate whether Defendant is entitled to attorneys' fees incurred in filing the unopposed motion to dismiss the Second Amended Complaint; its reply to the unopposed motion; and the instant attorneys' fees motion. The Court understands that counsel may at times have to balance unexpected personal obligations with Court-imposed deadlines. Federal Rule of Civil Procedure 6 and Civil Local Rule 6-3 exist to allow parties to seek more time if needed and for good cause. However, Plaintiff's belated opposition brief is not an isolated incident. Even before Mr. Shebar's family emergency, he had already exhibited a pattern of failing to comply with Court-imposed deadlines that cannot be explained by mere inadvertence:

- Plaintiff missed the original deadline to respond to Defendant's first motion to dismiss and sought a stipulation to extend the deadline from September 28, 2017, to October 2, 2017. *See* Dkt. No. 44.
- Plaintiff then missed the new, stipulated deadline to respond to the motion to dismiss and sought further leave to file an opposition by October 4, 2017. *See* Dkt. No. 48.
- Plaintiff missed the deadline to file the SAC and sought leave to file it late. *See* Dkt. No. 87.
- Plaintiff missed the deadline to retain local counsel within 30 days of the Court's May 31, 2019, order. *See* Dkt. No. 92 at 4.
- Plaintiff missed the deadline to file its response to Defendant's motion to dismiss the SAC. And only after the Court issued an Order To Show Cause did Plaintiff acknowledge it was not opposing the motion. *See* Dkt. Nos. 94, 95.
- Plaintiff missed the deadline to retain local counsel by the case management conference on October 8, 2019, as directed by the Court on September 17, 2019. *See* Dkt. No. 100 at 2.
- At the October 8, 2019, case management conference, Mr. Shebar appeared as

4

United States District Court
Northern District of California

1 | Plaintiff's out-of-state counsel and represented that Plaintiff would file a notice of
2 | appearance of local counsel imminently, but did not do so until November 20,
3 | 2019. *See* Dkt. Nos. 106, 109.

Because of Plaintiff's counsel's conduct, the proceedings have been delayed and Defendant and the Court have needlessly expended time and resources. Had Plaintiff timely filed a statement of nonopposition to the motion to dismiss the SAC by the May 30, 2019, deadline, the pleadings would have been finalized approximately six months ago. *See* Civil L.R. 7-3(b) ("If the party against whom the motion is directed does not oppose the motion, that party must file with the Court a Statement of Nonopposition within the time for filing and serving any opposition."). The Court further notes that had Plaintiff retained local counsel when directed to do so in May 2019, local counsel could have handled this action in Mr. Shebar's absence or to the extent he had other competing obligations as a sole practitioner.

To ensure Plaintiff's compliance with future orders and the Local Rules, the Court finds it appropriate for Plaintiff to compensate Defendant for the reasonable fees that Defendant has incurred due to Plaintiff's failure to timely file its statement of nonopposition by May 30, 2019. *See, e.g.*, Civil L.R. 1-4; *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) ("District courts have the inherent power to sanction a lawyer for a full range of litigation abuses," including for "willful disobedience of a court order.") (quotation omitted). This includes Defendant's preparation of the reply brief in support of the unopposed motion to dismiss, *see* Dkt. No. 93; Defendant's response regarding the order to show cause, *see* Dkt. No. 96; Defendant's related motion for attorneys' fees, *see* Dkt. Nos. 103, 104, 107; and the response to Plaintiff's motion for leave to file an opposition, *see* Dkt. No. 114.

Having reviewed the Declaration of Brian C. Rocca, *see* Dkt. Nos. 104, the Court cannot determine the fees that Defendant reasonably incurred as part of these specific tasks. Rather, Defendant's hours and requested fees appear to refer to all time incurred from April through September 2019. *See id.* at 4. Accordingly, the Court **GRANTS IN PART** the motion for attorneys' fees and costs, but **DIRECTS** Defendant to file a supplemental declaration detailing the

5

attorneys' fees incurred in preparing the reply brief in support of the unopposed motion to dismiss; the response regarding the order to show cause; the motion for attorneys' fees, up to and including the time spent preparing this supplemental declaration; and the response to Plaintiff's motion for leave to file an opposition.

To the extent Defendant also seeks attorneys' fees for the time it spent in preparing the unopposed motion to dismiss, *see* Dkt. No. 103, the Court requires further briefing on this issue. Plaintiff's counsel argued in the opposition to the motion for attorney's fees that Plaintiff amended its allegations in the second amended complaint as directed by the Court and in good faith, and provides redline versions for comparison. *See* Dkt. No. 113-1, Ex. A at 5, 11–12. Although the Court concluded that these amendments remained insufficient to survive the motion to dismiss, *see* Dkt. No. 100, Defendant has not yet established that in filing the SAC itself, Plaintiff willfully disobeyed a Court order such that fees are appropriate. The Court understands that Defendant has not had an opportunity to respond to the opposition in general, or this argument specifically, and therefore **DIRECTS** Defendant to file a reply brief in support of the motion for attorneys' fees. Defendant shall file both the supplemental declaration and the reply brief by January 17, 2020. The Court cautions all parties that it expects full compliance with all Court-imposed deadlines in future, and that the parties will work efficiently toward resolution of this action.

**IT IS SO ORDERED.**

Dated: 1/6/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge